IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEON MODROWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7002 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| JOHN PIGATTO, individually, | ) | |
| FRANK PIGATTO, individually, | ) | |
| TAQ Properties, LLC and CAPPS | ) | |
| MANAGEMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Leon Modrowski has sued his former employers, John Pigatto, Frank Pigatto, TAQ Properties, LLC and Capps Management, for their alleged violations of the Stored Wire and Electronic Communications Act ("Electronic Communications Act"), 18 U.S.C. § 2707, the Computer Fraud and Abuse Act ("Computer Fraud Act"), 18 U.S.C. § 1030, the Federal Wire Tapping Act, 18 U.S.C. § 2520 and various state laws. Defendants have moved to dismiss all of the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and (7).[1] For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part defendants' motion.

**Facts**

From 2005 until early 2009, plaintiff worked as a property manager for TAQ Properties and Capps Management. (Compl. ¶¶ 5-6, 17.) During that time, plaintiff had a personal email account, and opened a work email account that he registered to TAQ Properties, with AT&T. (*Id.* ¶¶ 9, 11,

---

[1]Defendants also invoke Rule 12(b)(1) but, as discussed below, their motion does not implicate the Court's subject matter jurisdiction.

32-33.) Plaintiff "set up his access to these email accounts so that one password would let him into both accounts." (*Id.* ¶ 13.) Plaintiff was the only person who knew the password. (*Id.* ¶¶ 10, 15.)

Defendants terminated plaintiff in April 2009, triggering a dispute and, ultimately, litigation, between the parties over back wages. (*Id.* ¶¶ 17-30.)

In October 2009, plaintiff discovered that he could not access his personal email account. (*Id.* ¶ 31.) When he contacted AT&T, he was told that John Pigatto had changed the password to the work account which, because of the single-password access plaintiff had requested, was attached to plaintiff's personal account. (*Id.* ¶¶ 32-33, 35.) AT&T also told plaintiff that it could not detach the accounts or give him access to his personal account without Pigatto's permission. (*Id.* ¶¶ 33-35, 44-46.) Pigatto refused to give permission, and plaintiff filed this suit. (*Id.* ¶ 51.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants argue that plaintiff must join AT&T as a defendant because it is a necessary party to the suit. That is true only if the existing parties cannot get complete relief in AT&T's absence or AT&T has an interest relating to the suit that may be impaired, or may subject the parties to inconsistent obligations, if the suit proceeds without it. Fed. R. Civ. P. 19(a). Defendants do not explain, and the Court cannot see, how either factor compels AT&T's joinder. Therefore, the Court denies defendant's motion to dismiss for failure to join a necessary party.

2

In Count I, plaintiff alleges that defendants violated the Electronic Communications Act by "intentionally access[ing] without authorization" or "intentionally exceed[ing] an authorization to access" a "facility through which an electronic communication service is provided" and thereby obtain[ing], alter[ing], or prevent[ing] authorized access to a wire or electronic communication . . . in electronic storage" without "authoriz[ation] . . . [from] the person or entity providing [the] wire or electronic communications service." 18 U.S.C. § 2701(a), (c). Plaintiff alleges that defendants accessed his personal emails without his permission, but he also alleges that AT&T: (1) at his request, merged his personal account with the one registered to TAQ; (2) allowed John Pigatto, a principal of TAQ, to change the password for the merged accounts; and (3) refused to take any action with respect to the merged accounts, even after plaintiff explained the circumstances, without Pigatto's permission. (Compl. ¶¶ 33-35, 44-45.) The Court agrees with defendants that the only reasonable inference that can be drawn from these allegations is that AT&T authorized Pigatto, as principal of TAQ, to access the merged accounts and change the password. Because plaintiff has alleged that AT&T authorized Pigatto's conduct, he cannot state an Electronic Communications Act claim.

In Count II, plaintiff alleges that defendants violated the Computer Fraud Act, which makes it unlawful for any person to access a computer, intentionally and without permission, that is used in or affects interstate commerce and "thereby obtain[] . . . information from [it]" or "as a result of such conduct, cause[] damage and loss." 18 U.S.C. § 1030(a)(2)(C), (5)(C). The Act provides a private cause of action to "[a]ny person who suffers damage or loss by reason of [its] violation . . . . if the conduct involves," as relevant here, economic damages "to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I), (g). Plaintiff alleges that he suffered more than $5,000.00 in damages but does not explain how defendants' access

3

to his personal emails, or his lack of it, caused him such harm. Absent some explanation of his alleged damages, plaintiff has not raised his right to relief on this claim "above the speculative level," as required by *Twombly*. 550 U.S. at 555.

In Count III, plaintiff alleges that defendant violated the Wire Tapping Act, which creates a cause of action for intentional interception of "wire, oral, or electronic communication." 18 U.S.C. §§ 2511(a), 2520. The Act defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device," which is:

> any device or apparatus which can be used to intercept a wire, oral, or electronic communication other than . . . any telephone or telegraph instrument, equipment or facility, or any component thereof . . . furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business.

18 U.S.C. § 2510(4), (5)(a). Plaintiff alleges that defendants accessed his emails by opening his email account, conduct that does not constitute interception through the use of a device as set forth in the statute. *See Ideal Aerosmith, Inc., v. Acutronic USA, Inc.*, No. 07-1029, 2007 WL 4394447, at *4 (E.D. Pa. Dec. 13, 2007) ("The drive or server on which an e-mail is received does not constitute a device for purposes of the Wiretap Act."). Plaintiff cannot, therefore, state a Wiretap Act claim.

In Counts IV-VIII, plaintiff alleges various state statutory and common-law claims. Defendants' only argument for dismissing the state claims is that, absent viable federal claims, the Court lacks supplemental jurisdiction over them. The existence of supplemental jurisdiction, however, depends on the existence of original jurisdiction, not the merits of the federal claims. *See* 8 U.S.C. § 1367(a). In a federal question case like this one, original jurisdiction is lacking only if the

federal claims are "wholly insubstantial." *See Adams v. Rotkivch*, No. 08-3998, 2009 WL 1220747, at *1 (7th Cir. May 6, 2009) (quotation omitted). Though plaintiff's federal claims are not actionable, they are substantial enough to engage the Court's subject matter jurisdiction. Thus, the Court has supplemental jurisdiction over the related state-law claims as well.[2]

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss [doc. no. 14] is granted as to Counts I and III, which are dismissed with prejudice, and Count II, which is dismissed without prejudice, and denied as to Counts IV-VIII. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend Count II. If he fails to do so, the Court will dismiss Count II with prejudice.

**SO ORDERED.**                  **ENTERED:**

**June 25, 2010**

*Ronald A. Guzman*

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

---

[2]The Court can decline to exercise supplemental jurisdiction in certain circumstances, *see* 28 U.S.C. § 1367(c), none of which currently exists in this case.