**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Leon Modrowski, | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: 1:09-cv-07002 |
| v. | ) | |
| | ) | Honorable Ronald A. Guzman |
| John Pigatto, et al., | ) | |
| Defendants. | ) | |
| _____) | | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for the reasons set forth below, the Defendants, by and through undersigned counsel, hereby move this Honorable Court for the entry of summary judgment in Defendants' favor on all of Plaintiff's claims. In support of the Motion for Summary Judgment, the Defendants state as follows:

### STATEMENT OF FACTS

1. From 2005 until early 2009, plaintiff worked as a property manager for TAQ Properties and Capps Management. (First Amended Compl. ¶¶ 5-6, 17.)

2. During that time, Plaintiff had a personal email account, and opened a work email account that he registered to TAQ Properties, with AT&T. (*Id.* ¶¶ 9, 11, 32-33.)

3. Plaintiff "set up his access to these email accounts so that one password would let him into both accounts." (*Id.* ¶ 13.)

4. Plaintiff was the only person who knew the password. (*Id.* ¶¶ 10, 15.)

5. Defendants terminated plaintiff in April 2009, triggering a dispute and, ultimately, litigation, between the parties over back wages. (*Id.* ¶¶ 17-30.)

6.  In October 2009, Plaintiff discovered that he could not access his personal email account. (*Id.* ¶ 31.)

7.  When he contacted AT&T, he was told that John Pigatto had changed the password to the work account which, because of the single-password access plaintiff had requested, was attached to plaintiff's personal account. (*Id.* ¶¶ 32-33, 35.)

8.  AT&T also told plaintiff that it could not detach the accounts or give him access to his personal account without Pigatto's permission. (*Id.* ¶¶ 33-35, 44-46.)

9.  Plaintiff filed his Complaint for Injunctive and Other Relief on November 6, 2009, and mailed a Notice of Lawsuit and Request for Waiver of Service of Summons on November 10, 2009.  See copy of Plaintiff's Complaint attached hereto as Exhibit A.

10. The basis for Plaintiff's Complaint was Defendants' alleged violations of the Stored Wire and Electronic Communications Act ("Electronic Communications Act"), 18 U.S.C. § 2707, the Computer Fraud and Abuse Act ("Computer Fraud Act"), 18 U.S.C. § 1030, the Federal Wire Tapping Act, 18 U.S.C. § 2520, and various state law violations.

11. Plaintiff also filed a Motion for Temporary Restraining Order on November 19, 2009, with said Motion being granted on December 15, 2009.

12. Defendant filed a Motion for Extension of Time to Answer or Otherwise Plead on January 22, 2010, with said Motion being granted and giving Defendants until February 16, 2010 to file an answer or otherwise plead.

13. Defendants filed a Motion to Dismiss Plaintiff's Complaint on February 16, 2010, with said Motion being granted as to Counts I, II, and III (Counts I and III dismissed with prejudice, and Count II dismissed without prejudice), and with said Motion being denied as to Counts IV through VIII.

14.  Plaintiff filed a Motion to Reconsider the dismissals of Counts I and III with prejudice on July 9, 2010, with the Court entering a briefing schedule with respect to said Motion on July 13, 2010.

## STANDARD FOR GRANTING SUMMARY JUDGMENT

The instant motion seeks summary judgment pursuant to Fed.R.Civ.P. 56.  A court may grant summary judgment only when the submissions in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  "The inquiry performed is the threshold inquiry of determining whether there is the need of a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* , 485 U.S. 574, 586 (1986).  If the opposing party's "evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.  However, in determining whether summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.  The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.  When the non-moving party bears the burden of proving the claim, the moving party can meet its burden by pointing out the absence of evidence submitted by the non-moving party.  The moving party need not disprove the other party's case. *Celotex*

-3-

*Corp. v. Catrett,* 477 U.S. 317, 325 (1986). A complete lack of proof concerning an essential element of the respondent's case necessarily renders all other facts immaterial; therefore, there can be no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23.

Under the federal standard of review for no-evidence summary judgment motions, if the issue is one on which the movant does not bear the burden of proof, and an adequate time for discovery has passed, summary judgment is mandated if the respondent fails to make a showing sufficient to establish the existence of each element essential to its cause of action. *Celotex*, 477 U.S. at 322-23.

While *Celotex* marked an initial shift in the burden of proof in federal summary judgment practice, *Matsushita* and *Anderson* further clarified the burden of proof imposed upon a party moving for summary judgment. In sum, *Matsushita* and *Anderson* held that simply showing the existence of a fact issue will not suffice to defeat a no-evidence summary judgment motion; there must be a "genuine issue" regarding a "material fact." *Matsushita*, 475 U.S. at 585-87; *Anderson*, 477 U.S. at 255-57.

ARGUMENT

Under Fed R. Civ. P. 6(b)(1), when an act must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. In the instant case, the Court Order that was entered on February 24, 2010 specifically stated that "[f]act discovery

-4-

ordered closed by 6/24/2010. No extensions. Plaintiff's expert disclosures by 7/15/10." Plaintiff failed to request an extension before the original time for fact discovery expired, and to date, Plaintiff has failed to file a motion requesting an extension of the already lapsed fact discovery deadline.

Pursuant to the standard for granting summary judgment, as was previously described in the instant memorandum of law, Plaintiff has produced no evidence to support the allegations contained in the Complaint and the First Amended Complaint, respectively. No initial disclosures were exchanged between the parties, nor was any form of discovery initiated by either party, even though Plaintiff had more than ample time, specifically more than eight (8) months, from the filing of the Complaint on November 6, 2009, to the disclosure of experts by July 15, 2010, to produce evidence to support the allegations contained in the Plaintiff's Compliant. All the Court is left with is merely the bare allegations contained in the Plaintiff's Complaint, and those allegations alone are insufficient to stave off Defendants' Motion for Summary Judgment.

As a result of the parties' actions, or more precisely inactions, there is a complete lack of proof concerning all of the essential element of the counts contained in Plaintiff's First Amended Complaint. Therefore, there can be no genuine issue of material fact, and the Defendants are entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, this Honorable Court should grant the instant Motion for Summary Judgment in Defendants' favor on all of Plaintiff's claims.

DATED:     July 24, 2010

Respectfully submitted,

Defendants,
Frank Pigatto,
John Pigatto,
TAQ Properties, LLC, and
Capps Management

By: /s/ Anthony J. Peraica
     Defendants' counsel

Anthony J. Peraica
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Ave.
Chicago, IL 60632
(773) 735-1700
peraicalaw@aol.com