THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Leon Modrowski, | ) | |
|               Plaintiff, | ) | |
| | ) | Case Number: 1:09-cv-07002 |
| v. | ) | |
| | ) | Honorable Ronald A. Guzman |
| John Pigatto, et al., | ) | |
|               Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

Plaintiff's Response fails to resurrect their case. This Court should grant the Motion for Summary Judgment in Defendants' favor with respect to the Plaintiff's remaining claims.

**STANDARD OF REVIEW**

The Defendants' motion seeks summary judgment pursuant to Fed.R.Civ.P. 56. A court may grant summary judgment only when the submissions in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is the need of a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the opposing party's "evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. However, in determining whether summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all

-1-

justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. When the non-moving party bears the burden of proving the claim, the moving party can meet its burden by pointing out the absence of evidence submitted by the non-moving party. The moving party need not disprove the other party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). A complete lack of proof concerning an essential element of the respondent's case necessarily renders all other facts immaterial; therefore, there can be no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23.

Under the federal standard of review for no-evidence summary judgment motions, if the issue is one on which the movant does not bear the burden of proof, and an adequate time for discovery has passed, summary judgment is mandated if the respondent fails to make a showing sufficient to establish the existence of each element essential to its cause of action. *Celotex*, 477 U.S. at 322-23.

## **ARGUMENT**

Plaintiff's Response to the Motion for Summary Judgment is based primarily upon two flawed arguments: (1) Defendants' Motion for Summary Judgment does not contain a Local Rule 56.1 Statement, cite to any admissible evidence, or cite to any supporting authority for the substantive law of the case; and (2) Defendants' sole reliance upon the amended complaint renders this a motion to dismiss, not a motion for summary judgment.

First, Plaintiff argues that Defendants' Motion for Summary Judgment does not contain a Local Rule 56.1 Statement, cite to any admissible evidence, or cite to any supporting authority for the substantive law of the case. Plaintiff is mistaken with respect to all three of these allegations. Defendants' Motion for Summary Judgment did in fact contain a fourteen paragraph statement of material facts at the outset of the motion. Additionally, it must be noted that the Motion for Summary Judgment filed by Defendants in the instant case is classified as a no-evidence summary judgment motion, inasmuch as there were no initial disclosures exchanged between the parties, nor was there any form of discovery initiated by either party. The only documents that make up the instant case are the Complaint that was filed on November 6, 2009, the Motion for Temporary Restraining Order that was filed on November 19, 2009, the Motion to Dismiss Plaintiff's Complaint that was filed on February 16, 2010, and the First Amended Complaint that was filed on July 9, 2010. As such, there was no admissible evidence to cite to in the instant case, and Defendants cited the relevant supporting authority that is applicable under such circumstances. As mentioned in the Stand of Review section above, under the federal standard of review for no-evidence summary judgment motions, if the issue is one on which the movant [Defendants in the instant case] does not bear the burden of proof [as is true in the instant case], and an adequate time for discovery has passed [as is true in the instant case], summary judgment is mandated if the respondent [Plaintiff in the instant case] fails to make a showing sufficient to establish the existence of each element essential to its cause of action. *Celotex*, 477 U.S. at 322-23. For Plaintiff to apply an inapplicable standard of review, and then further state that Defendants did not meet said inapplicable standard, is the epitome of putting forth a faulty and flawed argument.

Second, Plaintiff argues that Defendants' sole reliance upon the amended complaint renders the instant motion a Motion to Dismiss, as oppose to a Motion for Summary Judgment. For ten of Plaintiff's seventeen page response, Plaintiff states the various allegations that are alleged in the Amended Complaint, and further states that they adequately stated claims for the purpose of surviving a Motion to Dismiss. Once again, Plaintiff applies in inapplicable standard of review, and then further states that Defendants did not meet that said inapplicable standard, which is a faulty and flawed argument on Plaintiff's behalf. As was stated above, under the federal standard of review for no-evidence summary judgment motions, if the issue is one on which the movant [Defendants in the instant case] does not bear the burden of proof [as is true in the instant case], and an adequate time for discovery has passed [as is true in the instant case], summary judgment is mandated if the respondent [Plaintiff in the instant case] fails to make a showing sufficient to establish the existence of each element essential to its cause of action. *Celotex*, 477 U.S. at 322-23. As Plaintiff references in their Response to the Motion for Summary Judgment, "Defendant cite only to the amended complaint, and pleadings are not evidence. Burrell v. City of Matoon, 378 F.3d 642 (7th Circuit. 2004)." Plaintiff fails to address the reason behind the Defendants citing only to the amended complaint, and Plaintiff fails to put forth any argument whatsoever with respect to the applicable federal standard of review for no-evidence summary judgment motions. Again, all the Court is left with is merely the bare allegations contained in the Plaintiff's Amended Complaint, and those allegations alone are insufficient to stave off Defendants' Motion for Summary Judgment.

As a result of the parties' actions, or more precisely inactions, there is a complete lack of proof concerning all of the essential element of the counts contained in Plaintiff's Amended

Complaint. Therefore, there can be no genuine issue of material fact, and the Defendants are entitled to judgment as a matter of law.

## **CONCLUSION**

For the foregoing reasons, this Honorable Court should grant the Motion for Summary Judgment in Defendants' favor on all of Plaintiff's remaining claims.

DATED: October 6, 2010

                                        Respectfully submitted,

                                        Defendants,
                                        Frank Pigatto,
                                        John Pigatto,
                                        TAQ Properties, LLC, and
                                        Capps Management

                                 By: /s/ Anthony J. Peraica
                                        Defendants' counsel

Anthony J. Peraica
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Ave.
Chicago, IL 60632
(773) 735-1700
peraicalaw@aol.com