# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7002 | **DATE** | 1/11/11 |
| **CASE TITLE** | Leon Modrowski vs. John Pigatto, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court grants defendants' motion for summary judgment [doc. no. 33] on the Computer Fraud and Abuse claim, declines to exercise supplemental jurisdiction over plaintiff's state law claims and terminates this case.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

In his amended complaint, plaintiff alleges that defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and a variety of state laws. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants the motion.

### Discussion

To prevail on a summary judgment motion, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Sellers v. Zurich Am. Ins. Co.*, __ F.3d __, 2010 WL 4909455, at *2 (7th Cir. 2010). "There is no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007).

**Federal Claim**

Plaintiff contends that defendants' motion with respect to the Computer Fraud and Abuse Act claim must be denied because they have not offered any evidence to support it. Defendants, however, do not have the burden of production or proof on this claim. Thus, they can prevail on their motion solely by showing that plaintiff "cannot produce admissible evidence" to create a triable issue of fact. Fed. R. Civ. P. 56(c)(1)(B); *id.* advisory committee notes, 2010 amendments, subdiv. c ("[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact."); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (stating that a summary judgment motion can be supported solely by the pleadings if the nonmovant has the burden of proof on a dispositive issue). Moreover, this kind of motion "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts

**STATEMENT**

showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotation omitted).

Plaintiff has not offered *any* evidence in response to defendants' motion, let alone evidence sufficient to raise a triable issue of fact as to the elements of his Computer Fraud and Abuse Act claim. *See* 18 U.S.C. § 1030(a)(2)(C), (5)(C), (c)(4)(A)(i)(I), (g) (stating that a person violates the statute if he obtains information from a computer that affects interstate commerce by accessing it intentionally and without consent and, as a result of that conduct, inflicts at least $5,000.00 of economic loss on another person). The Court, therefore, grants defendants' motion on this claim.

**State Claims**

Plaintiff's other claims are grounded in state law. Having dismissed the only federal claim remaining in this suit, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c) (stating that a court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction").

**Conclusion**

For the reasons set forth above, the Court finds that there is no genuine issue of material fact as to whether defendants violated the Computer Fraud and Abuse Act and defendants are entitled to judgment as a matter of law on that claim. The Court, therefore, grants defendants' motion for summary judgment on that claim, declines to exercise supplemental jurisdiction over the remaining state law claims and terminates this case.